IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLYN R. GONSALVES<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS J. DART, in his official capacity as Sheriff of Cook County, DAVID MARTIN, in his official and individual capacity, ROBERT INFELISE, in his official and individual capacity, EMILIANO VALENCIA, in his official and individual capacity, and COUNTY OF COOK, as indemnitor,<br><br>    Defendants. | No. 18 C 5564<br><br>Judge Virginia M. Kendall |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Carolyn Gonsalves ("Gonsalves") filed this employment discrimination action pursuant to Title VII of the Civil Rights Act, the Illinois Human Rights Act ("IHRA"), and 42 U.S.C. § 1983, against Defendants Sheriff Thomas J. Dart ("Dart"), Lieutenant David Martin ("Martin"), Sergeant Robert Infelise ("Infelise"), and Sergeant Emiliana Valencia ("Valencia"). (Dkt. 1, at ¶ 1). Gonsalves also seeks indemnification pursuant to 745 ILCS §§10/1–202, 10/2–302, and 10/9–102 against Cook County in connection with these allegations. *Id.* Gonsalves specifically alleges four counts of hostile work environment against Dart under Title VII and the IHRA. *Id.* at ¶¶ 37–56. She also alleges two counts of discrimination in violation of § 1983 against Martin, Infelise, and Valencia. *Id.* at ¶¶ 57–66. Defendants

collectively filed a Motion to Dismiss for failure to state a claim. (Dkt. 18). Defendants' motion is granted in part and denied in part.

## BACKGROUND

Gonsalves began work as a Deputy Sheriff with the Court Services Division of the Cook County Sheriff's Office in February of 2000. (Dkt. 1, at ¶ 7). Gonsalves transferred from the Bridgeview Courthouse Civil Process Unit to the Markham Courthouse Civil Process Unit ("Markham") in or about Fall 2014. *Id.* at ¶¶ 19–20. Up until the time that Gonsalves was assigned to Markham, she worked at the Sheriff's Office without incident and received positive performance reviews and no complaints. *Id.* at ¶ 21.

At all relevant times, Infelise and Valencia were employed at Markham as sergeants. *Id.* at ¶¶ 11–12. In 2016, Martin was detailed to Markham as a lieutenant for the Civil Process Unit. *Id.* at ¶ 22. Martin became the primary report agent for Gonsalves. *Id.* Soon thereafter, Martin began to antagonize Gonsalves with the aid of Infelise and Valencia. *Id.* at ¶ 23. Gonsalves alleges that Martin, Infelise, and Valencia subjected her to harassment in the form of sending her to the Office of Professional Review for non-existent investigations, regularly assigning her the worst equipment and subpar Sheriff's vehicles, consistently giving her documented minimum performance counseling for trivial violations, assigning her unrealistic and demanding workloads, aiming demeaning comments at her during roll calls, and denying multiple time-off requests. *Id.* at ¶¶ 23(a)–(h).

On October 4, 2017, Gonsalves formally submitted a complaint to Human Resources and the Office of Professional Review. *Id.* at ¶ 26. She alleged that Defendants' discriminatory conduct created a hostile work environment and put her under extreme stress. *Id.* In January 2018, Human Resources informed her that it closed her investigation despite calling her one month later to conduct an interview about her complaint. *Id.* at ¶ 30. Regardless, between Human Resources and the Office of Professional Review, Gonsalves received no relief and the discriminatory abuse continued. *Id.* at ¶¶ 31–33. On May 17, 2018, Gonsalves filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") based on her race and sex. *Id.* at ¶ 14, Ex. 1. On or about May 18, 2018, she received a notice of right to sue from the EEOC. *Id.* at ¶ 15, Ex. 1.

In July 2018, on her own volition, Gonsalves transferred due to the abrasive environment at Markham. *Id.* at ¶ 34. She now works in the Evictions Unit which requires an increased commute time, additional parking fees, and less opportunity for overtime pay as compared to her Markham assignment. *Id.* at ¶ 35.

## **LEGAL STANDARD**

To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In considering a motion to dismiss under Rule 12(b)(6), the Court must accept all facts alleged in the complaint as true and construe all reasonable inferences in favor of the plaintiff. *See Cannici v. Vill. of Melrose Park*, 885 F.3d 476, 479 (7th Cir. 2018). To overcome a motion to dismiss, a complaint must

allege "enough facts to state a claim to relief that is plausible on its face." *Forgue v. City of Chi.*, 873 F.3d 962, 966 (7th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). A complaint that pleads facts that are conclusory in nature and devoid of "further factual enhancement" will be dismissed. *Id.* (quoting *Twombly*, 550 U.S. at 557).

## **DISCUSSION**

**I. Discrimination under Title VII, IHRA, and § 1983: Counts I–VI**

Title VII, the IHRA, and § 1983 prohibit employment discrimination based on race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e; *see also* 775 ILCS 5/1–102; *and* 42 U.S.C. § 1983. A plaintiff can prove discrimination either directly or indirectly, and the standard for analysis under each of the statutes is essentially identical. *See Williams v. Seniff*, 342 F.3d 774, 788 n.13 (7th Cir. 2003) ("Our cases make clear that the same standards for proving intentional discrimination apply to Title VII and § 1983 equal protection."); *see also Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 811 F.3d 866, 879 n.39 (7th Cir. 2016) (detailing same and including the IHRA). A plaintiff's complaint "easily satisfies the requirements of 8(a)" when it provides defendants with fair notice of the claim. *See* 534 U.S. 506, 514 (2002). A plaintiff successfully pleads an adverse employment action in violation of Title VII by

detailing events leading to an adverse action, identifying at least some of the guilty parties, and providing relevant dates for when the action(s) occurred. *See id.*

Both parties identify and discuss the *McDonnell Douglas* framework in their briefs. (Dkt. 18, 23.) However, *McDonnell Douglas* is expressly an evidentiary standard, and not a pleading standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Neither the Federal Rules nor other controlling authority contemplate that a heightened pleading standard exists for employment discrimination cases. *Id.* at 511–12. Rule 8(a) "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted); *see also Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (internal citation and quotation marks omitted).

Gonsalves has adequately identified the parties and relevant timeframes of the alleged abuse to give the Defendants adequate notice of her complaint. She alleges that Martin, Infelise, and Valencia's discriminatory actions began with Martin's assignment in 2016 and continued consistently through her time at Markham. (Dkt. 1, at ¶¶ 24–25, 32.) The complaint states that Dart's failure to correct this hostile work environment, perpetrated through his agents, subjects him to liability under Title VII and the IHRA. *Id.* at ¶¶ 3, 37–56. This satisfies Gonsalves's burden of pleading under Rule 8(a). Furthermore, as Martin, Infelise, and Valencia were the

alleged perpetrators of this hostile work environment, the complaint sufficiently states a claim for violation of § 1983 against them in Counts V and VI.

Additionally, Gonsalves successfully pleaded an adverse employment action as a result of Defendants' conduct. (Dkt. 1, at ¶¶ 23(a)–(h)). Adverse employment actions fall into three separate categories: termination or reduction in compensation; transfers which reduce future career prospects; and "unbearable changes in job conditions, **such as a hostile work environment** or conditions amounting to constructive discharge." *See Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 980 (7th Cir. 2014) (emphasis added). There are no allegations within the complaint that Gonsalves was terminated or that she was transferred to a dead-end career, but such allegations are not necessary to survive a motion to dismiss. (Dkt. 1). Gonsalves adequately alleges that Defendants subjected her to a hostile work environment. *Id.* at ¶¶ 23(a)–(h), 37–56.

Gonsalves has also sufficiently pleaded that the alleged adverse employment action occurred on the basis of her race and sex. Through reference in Counts I–VI, she adequately alleges that Defendants subjected her to a hostile work environment and unwelcome discrimination in violation of Title VII on account of her race and sex. (Dkt. 1, at ¶¶ 37–56.) It is without dispute that females are a protected class under Title VII, the IHRA, and § 1983. *Hoffman–Dombrowski v. Arlington Intern. Racecourse, Inc.*, 254 F.3d 644, 650 (7th Cir. 2001).[1] Defendants' argument that

---

[1] While *Hoffman–Dombrowski* discusses discrimination against females specifically as it relates to Title VII, Title VII's requirements are "essentially identical" to those of the IHRA and § 1983 for purposes of this analysis. *See Bagwe*, 811 F.3d at 879 n.39.

Gonsalves must plead background circumstances to establish a claim of racial discrimination as a person belonging to a historically-accepted majority class confuses pleading and evidentiary requirements. A complainant "need not include such facts" as to satisfy the *prima facie* burden set by *McDonnell Douglas*. *See Swierkiewicz*, 534 U.S. at 508. All that Gonsalves was required to plead was precisely what she did—that she was subjected to discrimination based on the color of her skin. *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 278–79 (1976) ( "[Title VII's] terms are not limited to discrimination against members of any particular race").

To state a claim for hostile work environment, the plaintiff must allege she was subjected to harassment, that the harassment was based on her protected identity, that the harassment was severe or pervasive so as to alter conditions of employment creating a hostile or abusive work environment, and that there is a basis for employer liability. *See Huri v. Office of the Chief Judge of the Cir. Ct. of Cook Cty.*, 804 F.3d 826, 833–34 (7th Cir. 2015). To determine whether an environment is hostile or abusive, a court must consider the totality of the circumstances. *See Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 23 (1993). Certain factors to consider include the frequency of discriminatory conduct, its severity, whether it is physically threatening or humiliating or merely an offensive utterance, and whether it unreasonably interferes with the employee's work performance. *See Alexander*, 739 F.3d at 982 (citing *Harris*, 510 U.S. at 23).

Gonsalves alleges the harassment she received included sending her to the Office of Professional Review for non-existent investigations, consistently assigning her subpar equipment causing her to be soaked in the rain, interfering with her work schedule through frivolous performance counseling, and singling her out in a demeaning manner during roll calls. (Dkt. 1, at ¶¶ 23(a)–(h)). It is premature to conclude just how abusive her work environment is at this stage—the Court only needs to determine whether such behavior could plausibly be abusive. *See Huri*, 804 F.3d at 834. The pleading standard is subject to lesser demands than the evidentiary standard that will follow after discovery, so the fact that her story "holds together" at this phase is sufficient to survive dismissal. *Id.* (first citing *Swierkiewicz*, 534 U.S. at 511; next quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

It is worth noting that in Counts V and VI of the complaint, Gonsalves vaguely references "Defendant Sheriff's gender discrimination" and "Defendant Sheriff's race discrimination" in her request for relief. (Dkt. 1, at ¶¶ 61, 66.) To the extent that Gonsalves attempts to state a claim against Dart under § 1983, her complaint lacks sufficient clarity to do so. The purpose of Rule 8(a) is to ensure that defendants receive fair notice of the plaintiff's claim. *Swierkiewicz*, 534 U.S. at 514. Here, Gonsalves fails to expressly allege that Dart violated § 1983. (Dkt. 1, at ¶¶ 57–66.) While the complaint specifically names defendants Martin, Infelise, and Valencia, it does not specifically allege any violation of § 1983 by Dart. *Id.* Therefore, any claim that Dart violated § 1983 must be dismissed.

## II. Count VII: Indemnification

Pursuant to 745 ILCS § 10/1–202, Defendants Martin, Infelise, Valencia, and Dart are employees based on their status as Sergeants, Lieutenant, and Sheriff of the Cook County Sheriff's Office. Under 745 ILCS §§ 10/2–302 and 10/9–102, the County may seek to indemnify, or be directed to indemnify the Defendant-employees for the claims brought against them. Because the claims against the individual Defendants endure, Defendants' Motion to Dismiss the indemnification count must similarly be denied.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss for failure to state a claim is granted in part, and denied in part. Defendants' Motion is granted as to any claim against Dart under Counts V and VI and denied as to the remaining counts.

_____
Virginia M. Kendall
United States District Judge

Date: February 26, 2019